1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| ISABEL TUBACH, | 1: 07 CV 01041 OWW  WMW HC |
| Petitioner, | FINDINGS   AND   RECOMMENDATIONS MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JERRY BROWN, | |
| Respondent. | |

12
13
14
15
16
17

_____/

18
19
20

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28

21

U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28

22

U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to

23

dismiss.

24

### PROCEDURAL HISTORY

25

Petitioner alleges that California failed to prepare a psychological report, and that the Board

26

of Parole Hearings subsequently violated her rights when it postponed her April 4, 2007 parole

27

consideration hearing for its preparation.

28

1        **STANDARD OF REVIEW**

2   JURISDICTION

3        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

4   to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

5   the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

6   1495, 1504 fn.7 (2000).  Petitioner asserts that she suffered violations of his rights as guaranteed by

7   the United States Constitution.  In addition, the parole consideration challenged arises out of the

8   Central California Women's Facility  County Superior Court, which is located within the jurisdiction

9   of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

10       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

11  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

12  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), cert. denied, 522 U.S. 1008, 118 S.Ct.

13  586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

14  F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114 (1997), overruled on other

15  grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

16  to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

17  AEDPA, thus it is governed by its provisions.

18  STANDARD OF REVIEW

19       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

20  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

21  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

22       The AEDPA altered the standard of review that a federal habeas court must apply with

23  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

24  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

25  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

26  involved an unreasonable application of, clearly established Federal law, as determined by the

27  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

28  determination of the facts in light of the evidence presented in the State Court proceeding." 28

1  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

2  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

3  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

4  concludes in its independent judgment that the relevant state-court decision applied clearly

5  established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

6  that application must be objectively unreasonable."  Id. (citations omitted).

7        While habeas corpus relief is an important instrument to assure that individuals are

8  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

9  Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

10  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

11  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

12  determinations must be presumed correct, and the federal court must accept all factual findings made

13  by the state court unless the petitioner can rebut "the presumption of correctness by clear and

14  convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

15  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

16  1388 (9th Cir. 1997).

17                               **DISCUSSION**

18        Respondent moves to dismiss this petition on the ground that Petitioner has failed to exhaust

19  her state judicial remedies.  Petitioner has not responded to the motion.

20        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

21  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

22  Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5

23  of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be

24  raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."

25  The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to

26  dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915

27  F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533

28  F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and

1   case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule

2   4.

3       A petitioner who is in state custody and wishes to collaterally challenge her conviction by a

4   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

5   exhaustion doctrine is based on comity to the state court and gives the state court the initial

6   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

7   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,

8   1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

9       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

10  full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.

11  Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

12  1996).  A federal court will find that the highest state court was given a full and fair opportunity to

13  hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

14  basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.

15  Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner

16  must have specifically told the state court that he was raising a federal constitutional claim.  Duncan,

17  513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998)

18      In this case, Respondent contends that Petitioner has failed to exhaust her state judicial

19  remedies because her challenge to the circumstances fo the April 2007 postponement were never

20  presented to a state court.   Petitioner does not respond to the motion to dismiss, so does not dispute

21  this.  The court must dismiss a petition that contains unexhausted claims, even if it also contains

22  exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist.

23  Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) cert. denied, 118 S.Ct. 265 (1997);

24  Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).

25      Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C).  The

26  court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or

27  (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant."

28  28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has not waived exhaustion.  In addition,

California provides avenues for Petitioner to pursue state claims.   For example, these claims could

have been presented in a petition for writ of habeas corpus. See, Cal. Penal Code §§ 1473 - 1475.

Finally, there are not sufficient circumstances in this case for the court to ignore the United States

Supreme Court's admonishment that comity demands exhaustion and find that California's

corrective processes are ineffective to protect Petitioner's rights.  The court finds, therefore, that this

petition must be dismissed.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)      that the Respondent's motion to dismiss be GRANTED;

2)      that this petition for writ of habeas corpus be DISMISSED for failure to exhaust state judicial

        remedies;

3)      that the Clerk of the Court be directed to enter judgment for Respondent and to close this

        case.

These Findings and Recommendation are submitted to the assigned United States District

Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.  Within

thirty (30) days after being served with a copy, any party may file written objections with the court

and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

ten (10) court days (plus three days if served by mail) after service of the objections.  The court will

then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 2, 2008                           /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE